Yonley vs. Thompson.

## YONLEY VS. THOMPSON.

1. PARTIES: *Defect of, waiver, etc.*
   A defect of parties is waived by going to trial without objection, and cannot be raised by motion in arrest of judgment.
2. SALE. *State scrip subject of.*
   State scrip is a subject of sale like any other commodity; and the purchaser of scrip in the possession of a third person acquires the property in it, and not a mere chose in action.

APPEAL from *Pulaski* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

Yonley vs. Thompson.

*Yonley & Whipple* for appellant.

*Rose and J. M. Moore* for appellee.

Assignors need not be made parties unless assignment is denied. 2 Paige, 295 ; and 7 Johnson, ch. 114, in explanation of the reason ; Swan's Pleading, 102, Assignability is now the rule, non-assignability the exception. *Meech* v. *Stoner*, 19 N. Y., 26; *Allen* v. *Miller*, 11 Ohio St., 374, 377; *Durgin* v. *Ireland*, 4 Kernan, 322; *Meeker* v. *Cleghorn* 44 N. Y., 349. Waived for want of objection. *Johnson* v. *Chandler*, 15 B. Monroe, 589; *Terry* v. *Strong*, 37 N. Y., 242; Newman's Pl. and Pr., 211–15; Code, sec. 114; and the assignment is confessed, sec. 146.

See further on assignment, *Morgan* v. *Lowe*, 5 Cal., 325; *Justice* v. *Phillips*, 3 Bush., 200; *Newton* v. *Cocke*, 10 Ark., 169.

On jurisdiction. *Daniell* v. *Thompson*, 13 Ala., 443; 19 id., 130; *Allen* v. *Brown*, 44 N. Y., 228; *Meminger* v. *Bunning*, 7 Minn., 274; *Chickering* v. *Raymond*, 15 Ill., 362.

Appellant is estopped to deny appellee's title. Story on Agency, sec. 386, 217; *Foster* v. *Preston*, 8 Cowan, 198.

HARRISON, J.:

The appellee, an attorney, received for collection from divers persons sundry claims against the State, known as militia claims, amounting to $1,262.33. To facilitate their collection he turned them over, with one of his own for $100, to S. R. Wiggins, a claim agent in Little Rock, and Wiggins placed them in the hands of the appellant, an attorney in the city, who procured their allowance, and received from the State, Treasurer's certificates or State scrip, for the whole amount.

Appellee was to receive from the holders of the claims, for collecting them, one-third of the respective amounts; and he agreed to allow Wiggins, for his services, one-half of that, and at the same rate for his own claim.

The claims of several of the persons, as well as that of the appellee, amounted to less than $200.

The appellee, after the appellant received the scrip from the State, demanded the same from him, offering at the time to allow him to retain the amount Wiggins was to receive; but appellant claimed, as by the contract he had made with Wiggins, one-half the whole amount, and appellee declining to allow him more than Wiggins was to have, appellant refused to deliver to him any part of it.

The appellee then paid the persons who placed the claims in his hands, for their shares in the scrip, and they severally assigned and transferred to him, in writing, their interest in it.

He brought this suit to recover the value of the scrip, setting out in his complaint the foregoing facts.

The appellant answered the complaint, and a trial by a jury was had, which resulted in a verdict for the plaintiff for the amount claimed.

The defendant filed a motion in arrest of judgment, which was overruled, and upon that arise the only questions for our consideration.

Two grounds are assigned: the first, that the plaintiff except as to his own claim, sued upon an assignment not authorized by the statute, and his assignors were not made parties to the suit; the other, that the court had no jurisdiction as to the claim of the plaintiff, and those of the other claimants, which did not amount to $200.

The first of these objections is the fourth of the causes for demurrer to the complaint enumerated in section 4564, Gantt's Digest—a defect of parties—and if available at all in this case, could only have been by demurrer, and was waived by failing to demur. Section 4567 says; " When any of the matters enumerated in section 4564 do not appear upon the face of the complaint, the objection may be taken by answer. If such

objection is not taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

But the suit was not upon an assignment; the scrip was a subject of sale and purchase, as any other commodity in the market; and the appellee, by his purchase from those to whom it was issued, acquired not a mere chose in action but the property in the scrip, subject only to whatever lien the appellant might have on it for his services in procuring the allowance of the claims, and obtaining the scrip; and his right to sue for it or for its value was the same as if, instead of being pieces of scrip, it had been horses or any other chattels.

Appellee being the owner of the scrip, and his right to sue for its detention not in anywise dependent upon the particular amounts his vendors owned, the second objection in the motion in arrest is seen to be without any foundation.

It may be observed that the complaint contains no averment of a demand after the plaintiff's purchase of the scrip, but that defect was cured by the verdict. Gantt's Digest, sections 4619, 4699; Newm. Plead. and Prac., 739; 1 Chit. Plead. 673.

The judgment of the court below is affirmed.